KETCHUM, appellant, v. VIDVARD.

*Attachment — under non-imprisonment act — Affidavit — county from which property is removed by debtor — statements on information and belief.*

In an application for an attachment under the provisions of the non-imprisonment act against property of an absconding debtor, it is not necessary to prove that the removal of property was from the county where the debtor last resided. Proof of removal from the county in which the process is applied for is sufficient.

Where an affidavit for an attachment issued by a justice of the peace was such that the justice might so construe it as to give him jurisdiction; *held,* that the attachment could not be held void in a collateral proceeding.

In the affidavit for an attachment against an absconding debtor's property, the intent with which defendant removed his property, and the fact that defendant had gone west to reside were stated upon information and belief. *Held,* that these facts could be properly so stated.

APPEAL from an order denying a new trial made upon the minutes of the court. The action was brought in Oneida county by William Ketchum against Peter Vidvard, John H. Sheehan, John E. Beckwith and James K. Smith, to recover for the alleged conversion by defendants of certain goods and chattels claimed to be owned by plaintiff or in his possession. The conversion consisted in seizing such goods under an attachment issued by a justice of the peace in an action before him by the defendants, Vidvard and Sheehan, against one Thomas Clark. The defendant Smith acted as the agent of the firm of Vidvard & Sheehan in taking the property, and the defendant Beckwith was the constable who levied the attachment and afterward sold a portion of the goods taken, by virtue of an execution in the same action.

It was claimed on the part of the plaintiff, that at the time such property was seized he was the owner of the same by virtue of a sale to him of the same by Clark. This sale, defendants claim, was void, having been made by Clark to defraud his creditors. In this action, at the trial plaintiff objected to the admission in evidence of the attachment proceedings, upon the ground that the attachment was void because the affidavit upon which it was issued did not state the county where the defendant in the attachment resided, nor whether the defendant was a resident of the State or not, as required by the statute. The court overruled the objection.

The following is the affidavit referred to :

" Oneida county, ss.: John H. Sheehan, being duly sworn, deposes and says that Thomas Clark is justly indebted to him and Peter Vidvard in the sum of one hundred and thirty-five and twenty-five one-hundredths dollars or more, over and above all discounts which the said Thomas Clark may have against him, as near as he can ascertain the same, which said debt arose upon contract; and deponent further says that the said Clark has left the county of Oneida and removed his property therefrom with intent to defraud his creditors, as deponent verily believes; and deponent further saith that the facts and circumstances upon which he founds his said belief that the said Clark is indebted to considerable amounts to sundry persons, and has recently, secretly and in a clandestine manner, absconded from the county of Oneida, and taken his goods and property with him, and does not intend to return thereto, but has gone to the west to reside, as deponent has been informed and believes."

Various requests were made to charge and were refused. These requests are noticed in the opinion, but involve unimportant questions.

*Walter Ballou,* for appellant. The attachment proceedings were void, as the affidavit does not state that Clark had left the county where he last resided, or that he was about to remove from the county any of his property. 2 Wait's Just. Ct. Pr. 145; *Garrison* v. *Marshall,* 44 How. 193; *Lyon* v. *Yates,* 52 Barb. 237; *Kelly* v. *Archer,* 48 id. 68; *Davis* v. *Marshall,* 14 id. 96 ; *Miller* v. *Brinkerhoff,* 4 Den. 118; *Decker* v. *Bryant,* 7 Barb. 182. The allegations in the affidavit are stated upon information and belief, which is insufficient. *Green* v. *Gonzales,* 2 Daly, 412; *Dewey* v. *Greene,* 4 Den. 94. The attachment being void the defendants are liable as wrong-doers. *Peak* v. *Lemon,* 1 Lans. 297.

*S. J. Barrows,* for respondents.

MULLIN, P. J. The attachment in this case was issued pursuant to the provisions of the non-imprisonment act (Laws 1831, chap. 300, §§ 34–39), so called, and not pursuant to the provisions of the Revised Statutes relating to the commencement of suits in justices' courts, by attachment. 2 R. S. 230, §§ 26–38.

By the former provisions, an attachment might issue whenever it was made to appear to the satisfaction of the justice that the

defendant was about to remove from the county any of his property with intent to defraud his creditors, or has assigned, etc., any of his property with like intent, whether such defendant be a resident of this State or not.

The specific objection to the affidavit on which the attachment issued is, that it does not state that Clark had left the county where he last resided, or that he was about to remove from the county any of his property. Whether Clark had or had not left the county, was matter of no moment, as the attachment was not issued under the section of the Revised Statutes above referred to.

What county is intended in this section of the non-imprisonment act, where the applicant is required to prove, to the satisfaction of the justice, that the defendant is about to remove from the county any of his property, is not quite clear. If the defendant is a non-resident of the State as he may be and yet be proceeded against under this provision of the statute, it would be difficult to ascertain the county in this State in which he last resided. It would seem to me the county intended is the county in which the process is applied for, and that it is not necessary that the plaintiff should prove that the removal of property was from the county where the defendant last resided.

There is another answer to the objection. The affidavit, taken all together, contains evidence which justifies the justice in finding that the county of Oneida was the county where the defendant last resided. The affiant says: "that Clark has left the county of Oneida, and removed his property therefrom, with intent, etc.; said Clark is indebted in considerable amounts to sundry persons, and has recently, secretly and in a clandestine manner, absconded from the county of Oneida and taken his goods and property with him and does not intend to return thereto, but has gone to the west to reside."

It is true the facts sworn to might be true and yet the defendant be a resident of some other county, but the question is, what was the justice authorized to infer the party intended in view of the statutory requirement?

If the justice might construe the affidavit as meaning that the county of Oneida was the last place of residence of the defendant, the justice acquired jurisdiction, and the attachment cannot be held void in a collateral proceeding. 2 Wait's L. & P. 14, 139 and 144, and cases cited.

It is also objected that the facts are stated in the affidavit on information and belief. The clause as to the intent with which the defendant removed his property is, as it may properly be, on information and belief, and that defendant had gone west to reside is also on information and belief, as it may also be properly stated, and these are the only allegations that are thus made, according to my construction of the affidavit.

The plaintiff sought to recover three distinct descriptions of property: first, that which belonged to Trolon, the landlord, and on which plaintiff held a lien; second, some tobacco that he had purchased after the purchase from Clark, and third, the property he had purchased from Clark.

He recovered a verdict for the property of Trolon, as appears from the prices given by the witnesses to the property. It is probable that he did not recover for the tobacco he purchased after he bought out Clark. And it is quite certain he did recover for any property he bought of Clark. That sale was held by the jury, I doubt not, as fraudulent as to the creditors of Clark. A verdict sustaining that sale would have been set aside as against the weight of evidence. The learned judge did not express himself any too forcibly when he declared it to be in his opinion fraudulent and void.

The only question now to be considered is, whether the plaintiff proved himself entitled to recover for the tobacco. It was not disputed on the trial but that plaintiff bought thirty-nine pounds of smoking tobacco of Prequits after the purchase from Clark, which was in bags in the store when the levy was made, and is included in the inventory made at the time of the seizure on the attachment, and no other tobacco is included in that inventory except one and a half pounds smoking tobacco.

On this proof the plaintiff was entitled to recover for the tobacco. On the part of the defendant it was claimed, and the court seemed to be of the opinion, that these thirty-nine pounds were mingled in some way with other tobacco which was lawfully seized, and the parcels became so mingled as to be indistinguishable, and the plaintiff lost his title as against the officer. This cannot be so. When it was levied on it was certainly separate, because it was inventoried by its weight as one parcel. If it afterward became mingled with other tobacco, it was after the conversion and through the fault of the officer or of some one acting with him.

Prequits sold this tobacco to plaintiff in part, at least, on the

responsibility of Clark. If the plaintiff held the property as a mere cover for Clark, and it was still Clark's notwithstanding the sale to plaintiff, that question should have been submitted to the jury, but this thirty-nine pounds of tobacco was not referred to by the court in his charge, as embraced in the property fraudulently sold to the plaintiff. The court charged the jury that it was for the plaintiff to identify the tobacco from other tobacco in the store, before he can recover for it. "Did he put it with other tobacco into drawers, or was it kept in papers, how was it in regard to that? Did he sell a portion of it if you please, on the day the circus was there, and how much of it? Gentlemen, I do not know as you can find it, if you cannot, the plaintiff has no complaint to make. It is not for you, I think, to say that he shall recover for thirty-nine pounds of tobacco, unless he has identified it and set it apart, because you don't know from the evidence here but what a portion of this thirty-nine pounds was sold, and quite a portion too, on the day of the circus. We do not know."

The plaintiff's counsel excepted to that portion of the charge wherein was charged that it was a matter for the plaintiff to identify the tobacco not bought of Clark.

It will be seen the exception does not reach the error in the charge; the plaintiff's claim was that if the sale from plaintiff to Clark was fraudulent, still he was entitled to recover for the thirty-nine pounds of tobacco bought by himself, after the sale by Clark from Prequits. It was wholly immaterial where or in what condition the tobacco bought of Clark was.

It was doubtless incumbent on the plaintiff to show that this tobacco was levied on, and he did show it, and showing it was entitled to recover for it, and the charge as to mingling it with other tobacco had no relevancy to the merits of the question.

I am of the opinion that the jury was misled by the charge, but as there is no exception to the charge that reaches the error, we must affirm the judgment.

*Judgment affirmed.*